IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| MARTIN J. WALSH,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>Plaintiff,<br><br>vs.<br><br>WORLD FRESH MARKET, LLC<br>d/b/a Pueblo and AHMAD ALKHATIB,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil No. 2020-38<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

Before the Court is "Plaintiff's Motion for Leave to Amend the Complaint." [ECF 30]. Defendants filed an opposition [ECF 36] and the time for filing a reply has passed.

### I. BACKGROUND

Plaintiff is the Secretary of the United States Department of Labor ("the DOL") and defendants are World Fresh Market, LLC d/b/a Pueblo ("Pueblo") and Ahmad Alkhatib. Compl. [ECF 1] ¶¶ 3, 4. Pueblo is a limited liability company that operates four grocery stores in the United States Virgin Islands. *Id.* ¶¶ 5, 6. Alkhatib is the sole founder and member of Pueblo. *Id.* ¶ 12. The DOL claims that defendants violated the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*, ("the FLSA") by failing to pay numerous employees the overtime wages they were due and by failing to keep accurate records of employee hours. *Id.* at 1-2.

The DOL filed the original complaint on May 14, 2020. Defendants answered the complaint on November 18, 2020. [ECF 8]. The DOL filed the instant motion to amend under Rules 15 and 21 of the Federal Rules of Civil Procedure ("FRCP") as well as Local Rules of Civil Procedure 7.1 and 15.1. [ECF 30] at 1. The DOL seeks to add Steven Bockino, Pueblo's

Operations Manager, as a defendant, and it seeks to plead additional facts regarding its previous investigation of Pueblo in support of its claims that defendants acted willfully. [ECF 31] at 3.

## II. LEGAL STANDARDS

FRCP 15(a) provides that leave to amend a complaint should be freely given when justice so requires. However,

> [w]hile Rule 15(a) provides that leave to amend should be "freely given," a district court has discretion to deny a request to amend if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party.

*Hill v. City of Scranton*, 411 F.3d 118, 134 (3d Cir. 2005); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

"In the Third Circuit, delay alone does not justify denying a motion to amend." *Synthes, Inc. v. Marotta*, 281 F.R.D. 217, 225 (E.D. Pa. 2012) (citing *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F. 3d 267, 273 (3d Cir. 2001)). Rather, the delay must either be undue, such that it places "an unwarranted burden on the court," or it must be prejudicial, such that it places "an unfair burden on the opposing party." *Synthes*, 281 F.R.D. at 225 (quoting *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984)). "Implicit in the concept of undue delay is the premise that Plaintiffs, in the exercise of due diligence, could have sought relief from the court earlier." *Synthes*, 281 F.R.D. at 225 (quotation marks omitted). Thus, in assessing delay, the court must balance any imposition or prejudice caused by the delay against the plaintiff's reasons for the delay. *Id.* at 225-26 (citing *Coventry v. U.S. Steel Corp.*, 856 F.2d 514, 520 (3d Cir. 1988)).

"Futility" denotes that "the complaint, as amended, would fail to state a claim upon which relief may be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Thus, "[i]n assessing futility, the district court applies the same standard of legal sufficiency as applies under [FRCP]

12(b)(6)." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citing *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)). In other words, the court must determine whether the complaint includes "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). "If a proposed amendment is not clearly futile, then denial of leave to amend is improper." 6 Wright & Miller, *Federal Practice & Procedure* § 1487 (3d ed. 2019).

"[P]rejudice to the non-moving party is the touchstone for the denial of an amendment," and such prejudice must be substantial or undue. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (quoting *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978) (quotation marks omitted)). Thus, the defendant "must do more than merely claim prejudice; it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989). Courts evaluate prejudice "by looking at whether the amendment would: (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay the resolution of the dispute; or (3) prevent the non-moving party from bringing a timely action in another forum." *Debjo Sales, LLC v. Houghton Mifflin Harcourt Publ'g Co.*, 2017 WL 4404565, at *2 (D.N.J. Oct. 4, 2017). Ultimately, whether to grant leave to amend lies within a court's discretion. *Pennsylvania Emps. Ben. Tr. Fund v. Zeneca, Inc.*, 499 F.3d 239, 252 (3d Cir. 2007).

### III. DISCUSSION

A.  Whether the DOL's Motion is Timely

On January 7, 2021, following an initial pretrial conference, the Court entered a Trial Management Order setting May 31, 2021 as the deadline for seeking leave to add parties, and

*Walsh v. World Fresh Market, LLC, et al.*
Civil No. 2020-38
Page 4

August 31, 2021 as the deadline for seeking leave to amend the pleadings. [ECF 18] at 1. The DOL's motion, which was filed on June 1, 2021, is therefore timely.[1]

B.       Defendants' Objections Regarding the "Willful" Claims

Regarding the proposed amendment to the "willful claims," defendants argue simply that the DOL has not pled sufficient or credible facts to support that the claimed violation was willful or that defendants acted with reckless disregard. [ECF 36] at 5.

In the original complaint, the DOL asserted two counts: (1) failure to pay overtime and (2) failure to keep adequate records. Compl. [ECF 1] ¶¶ 83-87. In a heading introducing facts underlying these claims, the DOL asserted "**Defendants' Violations of the Act were Willful.**" [ECF 1] at 12 (emphasis in original). However, rather than filing a motion to dismiss either count of the complaint, defendants filed an answer. *See* [ECF 8]. Now, in response to the DOL's efforts to amend the complaint to add facts in support of its contention that defendants' violations of the FLSA were willful, defendants seek to attack the merits of the original claims under the guise of opposing a motion to amend on futility grounds. This, they cannot do. *See Cuoco v. Palisades Collection, LLC*, 2015 WL 4606657, at *4 (D.N.J. July 31, 2015) ("Any allegations included in Plaintiff's original Complaint are not reviewable in the context of [a Rule 15 motion to amend]. Because these claims were pled in the original Complaint, and Defendants did not move to dismiss them, these amendments adding facts are not now futile, and therefore shall be permitted."). At this point, any effort to seek the dismissal of claims asserted in the original complaint should be made through a motion for summary judgment, not through what amounts to an untimely motion to dismiss. *Compare* FRCP 12(b)(6) *with* FRCP 56(c).

---

[1] FRCP 6(a)(1)(C). May 31, 2021 was Memorial Day, a legal holiday.

Moreover, even if defendant could challenge the proposed factual amendment, the Court finds that the DOL has pled enough facts in the Proposed First Amended Complaint to defeat a claim of futility. The DOL alleges that (1) because each of the defendants was subject to investigation by the DOL's Wage and Hour Divisions, each therefore knew of the FLSA's requirements and they "showed reckless disregard" for those requirements; and (2) all current and proposed defendants "systematically misclassified employees to avoid paying overtime to employees." [ECF 31] at 8. These allegations are sufficient to show plausible claims.

C.  Defendants' Objections Regarding Bockino

"[C]urrent parties 'unaffected by [the] proposed amendment' do not have standing to assert claims of futility on behalf of proposed defendants." *Custom Pak Brokerage, LLC v. Dandrea Produce, Inc.*, 2014 WL 988829, at *2 (D.N.J. Feb. 27, 2014) (quoting *Clark v. Hamilton Mortg. Co.*, 2008 WL 919612, at *2 (W.D. Mich. Apr. 2, 2008)). They "only possess standing to challenge an amended pleading directed to proposed new parties on the basis of undue delay and/or prejudice." *Custom Pak Brokerage, LLC*, 2014 WL 988829, at *2 (citing *Nat'l Indep. Theatre Exhibitors, Inc. v. Charter Fin. Grp., Inc.*, 747 F.2d 1396, 1404 (11th Cir. 1984)). Therefore, the present defendants lack standing to object—on the basis of futility—to the addition of Bockino as a defendant.

1.  Whether the DOL Demonstrated Undue Delay, or Acted with Bad Faith, or Dilatory Motives

According to the DOL, it did not unduly delay in seeking to amend the complaint to add Bokino because the motion was filed approximately two months after the DOL learned of Bokino's relationship to the business from discovery defendants produced. [ECF 31] at 5. Specifically, the DOL claims that although it knew of Bockino's existence prior to filing the original complaint, it did not appreciate until late March of 2021 that Bockino, like Alkhalib, had the authority to

Case: 3:20-cv-00038-RAM-RM   Document #: 42   Filed: 09/13/21   Page 6 of 7

Walsh v. World Fresh Market, LLC, et al.
Civil No. 2020-38
Page 6

decide "the manner and rate of pay" of the relevant Pueblo employees as well as the authority to "hire, fire, or discipline" the relevant Pueblo employees during the relevant time-period. *Id.* at 6 (quotation marks omitted). Further, the DOL argues that although the motion came almost one year after the original complaint was filed, this was because of various intervening events, including that defendants obtained new counsel, and because the DOL agreed to defendants' numerous requests for extensions of time. *Id.* at 2. The DOL contends that these circumstances show that its motion to amend was not made in bad faith or based on dilatory motives. *Id.* at 6.

Defendants contend that the DOL was aware of Bockino's involvement in the alleged violations of the FLSA since the DOL interviewed him in connection with its 2019 investigation. [ECF 36] at 1, 4. Defendants also argue that even though they were granted extensions of time to file their answer and serve written discovery, those extensions "also provided the DOL the time in which to file a leave to amend the complaint." *Id.* at 4.

The DOL has not demonstrated any undue delay, bad faith, or dilatory motives. First, because the motion was filed within the deadline the Court set for the parties to seek to add parties or amend their pleadings, the timing of the motion does not place any unwarranted burden on the Court. Further, although defendants dispute the DOL's claim that it only learned in March of 2021 the true extent of Bockino's authority, even if the DOL was aware of Bockino's authority prior to March of 2021, this does not—on its own—establish that the DOL's motion was made in bad faith or based on dilatory motives.

    2.    <u>Whether the DOL's Proposed Amendments would Prejudice Defendants</u>

The DOL argues that defendants will not be prejudiced by the proposed amendments because the DOL does not seek to add any new claims, and to the extent that it seeks to amend some of the allegations underlying its claim that defendants willfully violated the FLSA's overtime

Case: 3:20-cv-00038-RAM-RM   Document #: 42   Filed: 09/13/21   Page 7 of 7

Walsh v. World Fresh Market, LLC, et al.
Civil No. 2020-38
Page 7

and recordkeeping provisions, certain changes were requested by defendants' counsel. [ECF 31] at 7. Defendants contend they would be prejudiced by the proposed amendments because they would be required to conduct additional discovery and spend more money on their defense. [ECF 36] at 5.

Defendants will neither be substantially nor unduly prejudiced by the addition of Bockino as a defendant. First, defendants do not show what additional discovery they would be required to conduct, and defendants have not demonstrated that they have been unfairly disadvantaged in any way or deprived of the opportunity to present facts or evidence that they would have offered had Bockino been named in the original complaint. Further, discovery does not close until September 30, 2021, and that deadline may be extended if necessary. Therefore, the Court will, in an exercise of its discretion, allow the proposed amendments.

## IV.   CONCLUSION

Accordingly, the premises considered, the following is hereby ORDERED:

(1) "Plaintiff's Motion for Leave to Amend the Complaint" [ECF 30] is GRANTED;

(2) The DOL shall file its First Amended Complaint no later than September 17, 2021;

(3) The DOL shall promptly obtain and serve summons on the new defendant; and

(4) Defendants shall respond to the First Amended Complaint in accordance with the applicable rules.

**Dated:** September 13, 2021              S\_____
                                             **RUTH MILLER**
                                             United States Magistrate Judge