## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| MARTIN J. WALSH, | ) | |
| Secretary of Labor, | ) | |
| United States Department of Labor, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 2020-38 |
| | ) | |
| vs. | ) | |
| | ) | |
| WORLD FRESH MARKET, LLC | ) | |
| d/b/a Pueblo, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

### <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is defendants' "Motion for Leave to File Third Party Complaint Pursuant to FED.R.CIV.P. Rules 14(A), 15(A), and 18(A)." [ECF 107]. The United States opposed the motion [ECF 113] and the defendants replied [ECF 120].

### I.       BACKGROUND

The United States Department of Labor (the "DOL") filed this action in May of 2020 against World Fresh Market, LLC d/b/a Pueblo ("Pueblo") and its principal, Ahmad Alkhatib, alleging that Pueblo had violated the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (the "FLSA"). Compl. [ECF 1]. On September 15, 2021, the DOL filed an amended complaint, adding Steven Bokino as an additional defendant. Am. Compl. [ECF 45]. Pueblo owns four grocery stores on St. Thomas and St. Croix, and the DOL alleges that from at least 2017 through the present, defendants violated the FLSA by not properly compensating employees for overtime, and by failing to make and keep adequate and accurate records regarding hours worked and wages paid. *Id*. ¶¶ 6, 103-07. The DOL seeks, among other things, injunctive relief and damages. *Id*. at 16-17.

*Walsh v. World Fresh Market, LLC, et al.,*
Civil No. 2020-38
Page 2

In the instant motion, defendants seek to file a third-party complaint against DOL employees Elizabeth Perez, Eric Flecha and David Marin, and former Pueblo employee Emmanuel Rabsatt. [ECF 107], [ECF 108] at 2. According to defendants, Perez, Flecha and Marin investigated Pueblo in 2019, based on a complaint initiated by Rabsatt. [ECF 108] at 4. Defendants allege that Rabsatt's complaint contained false information, and that during the investigation, the DOL investigators engaged in wrongdoing. *Id*. at 4-6. Defendants seek damages for claims under 42 U.S.C. §§ 1985(3), 1986, violations of Fifth Amendment due process, and claims of negligence, interference with existing and prospective contracts, and fraud.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 14 governs third-party practice. "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." FED. R. CIV. P. 14(a)(1). However,

> A third-party claim may be asserted under Rule 14(a) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant. If the claim is separate or independent from the main action, impleader will be denied.

*FDIC v. Bathgate*, 27 F.3d 850, 873 (3d Cir. 1994) (quoting C.A. Wright, A. Miller, M.K. Kane, *Federal Practice and Procedure*, Vol. 6, § 1446, at 355-58 (1990) (quotation marks omitted)); *see also Gamble v. Treetop Dev., LLC*, WL 3392356, at *1 (M.D. Pa. Aug. 7, 2017). Further, "third-party claims must be brought under some theory of secondary liability such as indemnification, contribution, or some other theory of derivative liability recognized by relevant substantive law." *Wilhelm Reuss GmbH & Co. KG v. E. Coast Warehouse & Distrib. Corp.,* 2017 WL 6055775, at *2 (D.N.J. Dec. 6, 2017). The standard for impleader is narrower, however, than that required to

support consolidation or other mechanisms based on allegations of common facts or transactions.

*See Grano v. Sodexo Mgmt.*, 2020 WL 2111898, at *2 (S.D. Cal. May 4, 2020).

Finally, the decision to grant leave to file a third-party complaint is left to the Court's discretion. *Wilhelm Reuss*, 2017 WL 6055775, at *2 (citing *Somportex, Ltd. v. Phila. Chewing Gum Corp.*, 453 F. 2d 435, 439 (3d Cir. 1971)). In exercising that discretion, "courts in the Third Circuit generally consider the following factors: (1) the timeliness of the motion; (2) the probability of trial delay; (3) the potential for complication of issues at trial; and (4) prejudice to the original plaintiff." *Hitachi Capital Am. Corp. v. Nussbaum Sales Corp.*, 2010 WL 1379804, at *5 (D.N.J. Mar. 30, 2010).

## III. DISCUSSION

### A. The Parties' Positions

Defendants argue that impleader is warranted because "[t]hese third-party claims are dependent on the outcome of the main claim." [ECF 108] at 11. Defendants further state that the "[third-party defendants] are secondarily liable to the defendant, and the claims against [the third-party defendants] are derivative of, and dependent upon the main claim." *Id*. Further, defendants urge that Rule 14 should be liberally construed, that leave to amend under Rule 15 should be freely given, and that Rule 18 allows all of defendants' claims to be joined in the third-party pleading. *Id*. at 10-11, 13-14.

The United States opposes the motion on the grounds that the types of claims alleged do not satisfy the requirements of Rule 14 because the nonparties that defendants seeks to add "cannot possibly be liable to Defendants for Pueblo's failure to pay its employees overtime and maintain

*Walsh v. World Fresh Market, LLC, et al.,*
Civil No. 2020-38
Page 4

accurate payment and overtime records." [ECF 113] at 1-2, 3-9. The United States also argues that the proposed third-party complaint fails to state a claim under Rule 12(b)(6). *Id*. at 10-14.[1]

Defendants reply that the United States is accusing them of "crimes," that the United States is misconstruing their claims, and that the COVID pandemic is responsible for any undue delay in seeking to bring the third-party complaint. [ECF 120] at 3-9. They further contend that the proposed third-party defendants "caused the original complaint to be filed in the first place," thereby ostensibly making the allegations in the proposed third-party complaint appropriate under Rule 14. *Id*. at 3.

B.   Analysis

The Court must first consider whether the proposed third-party defendants' potential liability under the proposed third-party complaint is dependent upon the outcome of the DOL's claim against Pueblo and the related individuals. In the First Amended Complaint, the DOL asserts (1) a cause of action for willfully failing to pay overtime, under sections 7(a) and 15(a)(2) of the FLSA, and (2) a cause of action for willful violations of sections 11(c) and 15(a)(5) of the FLSA related to the making and preserving of accurate time and payment records. Am. Compl. [ECF 45] ¶¶ 103-107. Both types of violations are alleged to have been ongoing since at least May 14, 2017, and continuing through the time of the filing of the First Amended Complaint. *Id*. ¶¶ 104, 107.[2] In a nutshell, the DOL alleges that defendants were required to pay certain employees overtime, and to keep accurate records of hours worked and amounts paid. *Id.*

---

[1]   The United States further complains that defendants are "trying to harass and intimidate the DOL employees," [ECF 113] at 4, and that the claims are harassing, frivolous and retaliatory, *id*. at 9 and n.5.

[2]   *See* Am. Compl. [ECF 45] ¶¶ 94-100, which refers to previous DOL investigations of Pueblo in 2005 and 2010. The DOL alleges those investigations found similar violations, and that at least one of the individual defendants was informed of the FLSA's requirements and agreed to comply with them.

*Walsh v. World Fresh Market, LLC, et al.,*
Civil No. 2020-38
Page 5

In the proposed third-party complaint against the DOL investigators and former Pueblo employee, defendants seek to assert claims based upon the theory that "the main claims exist by virtue of the [third party defendants'] misconduct." [ECF 114-3] ¶ 64.  In other words, defendants argue that Rabsatt's complaint[3] and the activities during the DOL's investigation that took place from June of 2019 to October 2019 caused the DOL to allege that defendants violated the FLSA. [ECF 114-3] ¶¶ 20, 22, 23, 54.   Further, although defendants seek damages, they do not contend that if they are found liable to the DOL, then the third-party defendants should be held liable. Rather, they seem to be alleging that the third-party defendants are liable to them for damages without regard for the outcome of the main claim.

In support of their position that the third-party complaint should be allowed, defendants argue as follows:

> 63. The third-party claims are dependent on the outcome of the plaintiff's claim against the defendants (the "main claim").
>
> 64. The main claim exists by virtue of the TPDs' misconduct.
>
> 65. The TPDs' liability is derivative of, and dependent on the outcome of the main claim.
>
> 66. The TPDs are secondarily liable to defendants/TPPs, because, among other things, their misconduct created any liability TPPs may face in plaintiff's claim against them.
>
> 67. TPDs' liability to TPPs arises from the same transactions and occurrences as form the basis of plaintiffs' allegations against TPPs.
>
> 68. TPPs' third-party claims against TPDs will avoid circuity of action, and adjudicate all related claims together in one action, which will save time and cost of reduplication of evidence.

---

[3]  Defendants allege that Rabsatt was terminated on May 6, 2019.  [ECF 114-3] ¶ 52.

*Walsh v. World Fresh Market, LLC, et al.,*
Civil No. 2020-38
Page 6

> 69. Recovery by the TPP is possible under some construction of facts that might be adduced at trial.
>
> 70. TPPs' claims against TPDs belong to the original defendants/TPPs and are based upon the original plaintiff's claim against the TPP.
>
> 71. A judgment against the TPDs will inure to the benefit of the original defendants/TPPs.
>
> 72. TPPs allege constitutional torts and statutory violations against the TPDs.

[ECF 108] at 9.   Simply parroting the words of the Rule or selected case law does not, however, lend support to the position that allowing a third-party claim here would be appropriate.   By doing so, defendants fail to demonstrate the required nexus between the main claim and their proposed claims.

On the record presented, the Court finds that defendants' proposed third party claims are separate and distinct from the DOL's claims against defendants because defendants' claims are based on different allegations of fact regarding different time periods.   For example, the DOL seeks damages and back pay for employees who were not properly paid.   Am. Comp. [ECF 45] at 16.   Defendants contend that the DOL employees discriminated on the basis of race, national origin and class against, among others, defendants' employees, and seek damages for such discrimination.   [ECF 114-3] ¶¶ 133-178.[4]   Such allegations, even if proved, have no bearing on whether defendants kept proper records or properly paid their employees from May 2017 to September 2021.   These claims are not derivative within the meaning of Rule 14.

---

[4]  This Court makes no finding here with respect to whether such claims—or any claims in the proposed third-party complaint—are properly pled.

Additionally, defendants allege that the DOL, through Marin, negligently hired, trained or retained Perez and Flecha, causing damage to defendants.  [ECF 114-3] ¶¶ 215-240.  Although defendants seem to conclude that such negligence led to the DOL's allegations against them, these claims would require additional discovery into time periods and circumstances totally divorced from defendants' business practices, which are at issue in the main case.  Such circumstances thus make impleader inappropriate.

In sum, if the proposed third-party complaint is permitted, the prospects for delay and complication of the issues is high.  Additional discovery on these claims would inevitably lead to the postponement of current deadlines, would necessarily delay the trial, would complicate the issues for trial, would prejudice the DOL—and ultimately, perhaps, prejudice defendants' employees.  The Court notes that denial of the instant motion in no way precludes defendants from raising some of the facts alleged in their defense of this case, or from filing a separate suit at a later date, if appropriate.

## IV.    CONCLUSION

Accordingly, the premises considered, it is hereby ORDERED that defendant's "Motion for Leave to File Third Party Complaint Pursuant to FED.R.CIV.P. Rules 14(A), 15(A), and 18(A)." [ECF 107] is denied.

**Dated:** August 19, 2022                          S_____
                                                    **RUTH MILLER**
                                                    United States Magistrate Judge