IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| MARTIN J. WALSH,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>              Plaintiff,<br><br>vs.<br><br>WORLD FRESH MARKET, LLC<br>d/b/a Pueblo, *et al.*,<br><br>              Defendants. | )<br>)<br>)<br>)<br>) Civil No. 2020-38<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION and ORDER**

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor ("the Secretary") moves the Court to impose discovery sanctions on defendants World Fresh Market, Ahmad Alkhatib, and Steven Bockino (collectively "World Fresh") and their counsel pursuant to Federal Rule of Civil Procedure 37(b)(2). [ECF 92]. The motion is fully briefed and ripe for decision. [ECFs 119, 122]. For the reasons explained below, the Court will sanction defendants and their counsel for their failure to fully respond to the Secretary's interrogatories.

**I.    BACKGROUND**

The Secretary filed this action under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*, on May 14, 2020, seeking to recover back wages and liquidated damages, to enjoin violations of the FSLA, and for other relief. [ECF 1]. The Secretary asserts that World Fresh, which operates four grocery stores in the U.S. Virgin Islands, (1) misclassifies hourly employees as "salaried" employees to avoid paying overtime, and (2) fails to keep accurate records of hours worked. [ECF 45] at 1–2, 15–16 (First Amended Complaint or "FAC"). Attached to the FAC is Exhibit A, which lists the names of 33 of World Fresh's current and former employees. [ECF 45-

*Walsh v. World Fresh Market, et al.*
Civil No. 2020-38
Page 2

1]. Throughout the FAC, the Secretary makes various allegations regarding defendants' treatment of the employees listed on Exhibit A, as well as other employees, which the Secretary claims violates the FSLA. *See, e.g.*, [ECF 45] ¶¶ 10, 42, 85 ("Defendants failed to compensate at least 33 current and former employees").

In responding to the FAC, World Fresh, in addition to denying the factual allegations, asserted 20 Affirmative Defenses. [ECF 49] at 7–10. Defendants' 7th Affirmative Defense alleges that the Secretary's "claims and the claims of the individuals plaintiff purports to represent are barred for any periods of time during which they were exempt from overtime and minimum wage provisions of the FSLA and Virgin Islands law due to their status as bona fide managerial, administrative, executive, and/or professional employees." *Id.* at 8. The 17th Affirmative Defense alleges the Secretary's "claims are barred to the extent the employees listed in Exhibit A to the Complaint are exempt employees under Section 13(a)(1) of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq and its enabling rules and regulations ('FLSA')." *Id.* at 9.

On March 29, 2021, World Fresh filed a notice of service of their responses to plaintiff's first set of interrogatories and first request for production of documents. [ECF 19].

The Court held status conferences with the parties to address discovery issues on April 8, 2021, June 15, 2021, and September 14, 2021. [ECFs 20, 35, 44].

On November 2, 2021, the Secretary filed a motion to compel discovery responses, asking the Court to order defendants to "provide full, accurate, and responsive answers to Plaintiff's interrogatories and document requests and to supplement their deficient document production by a certain time." [ECF 55] at 1–2. Plaintiff stated the needed discovery covered "four crucial areas of information:"

> (1) basic employee contact and employment information, (2) Defendants' basis for their affirmative defense that certain

*Walsh v. World Fresh Market, et al.*
Civil No. 2020-38
Page 3

> employees are exempt from the Fair Labor Standards Act's ("FLSA" or "the Act") overtime and recordkeeping provisions, (3) steps Defendants took to determine whether they were in compliance with the FLSA, and (4) the job duties of Defendants' employees and the individual Defendants.

[ECF 56] at 6. Plaintiff's supporting memorandum identified interrogatories intended to elicit facts to support World Fresh's affirmative defense that their employees are exempt from the FLSA and argued that defendants' responses were deficient and/or non-responsive. *Id.* at 16–18, 22–23 (discussing interrogatories 3–9, 11–12, and 18–19).[1]

On December 14, 2021, the Court held a conference to address plaintiff's motion to compel and other issues. [ECF 68]. "After extensive discussion of the amount and type of documents" in defendants' possession, the Court ordered World Fresh to "produce copies, either digital or hard, of all records as discussed at the conference, to plaintiff, no later than January 31, 2022." *Id.* at 1. The Court further ordered that defendants' "production shall include a certification that the documents produced include records responsive to all document requests, and containing all information responsive to the interrogatories, as objections have been deemed waived." *Id.*

On February 4, 2022, World Fresh filed a motion requesting an extension of time to comply with the Court's December 17, 2021 Order [ECF 68]. [ECF 75]. World Fresh stated they had produced "20 compact discs containing tens of thousands of pages of scanned employee files and other such documents" to defense counsel the week before, and that defense counsel Yohana Manning[2] needed time to review and prepare the documents for production to plaintiff. *Id.* at 1. Attorney Manning stated that plaintiff's counsel David Rutenberg, Esq., initially agreed to an

---

[1] See plaintiff's supporting memorandum and exhibits for additional background and a timeline of the parties' discovery dispute. [ECF 56].

[2] Attorney Manning is the third attorney to appear for defendants in this case. *See* [ECF 7] (Lisa Komives, Esq.); [ECF 23] (Michael Sheesley, Esq.); [ECF 74] (Yohana Manning, Esq.).

extension to March 1, 2022, but that Attorney Rutenberg subsequently revoked his agreement when Attorney Manning was unable to file the motion to extend before expiration of the deadline due to a medical issue. *Id.* Attorney Manning requested an extension to March 1, 2022, to review the documents for information subject to redaction and produce the documents to plaintiff. *Id.* at 2.

Later that same day, the Court issued an Order addressing World Fresh's motion to extend the deadline for production. [ECF 76]. The Court observed that "[s]ince at least April of 2021, then counsel for defendants agreed that information plaintiff sought was discoverable and needed to be produced" and that "[n]ow defendants' third counsel . . . represents that his clients finally produced to him last week 'tens of thousands of pages of scanned employee files and other such documents.'" *Id.* at 1 (quoting [ECF 75] at 1). The Court further noted that its December 17, 2021 Order directing production resulted from multiple discovery conferences with the parties and plaintiff's motion to compel. *Id.* Turning to World Fresh's motion for an extension of time, the Court reasoned that:

> While the Court is sympathetic regarding any medical issues counsel may experience, the fact is that this discovery is long overdue. Any concerns regarding personal information about the employees, who are indeed the subject of this Fair Labor Standards action, may be alleviated by the use of an agreed protective order. Moreover, there is still another defense counsel in this case who could be used to assist in any needed review. An additional month of delay simply is not warranted.

*Id.* at 2. The Court therefore ordered that all of the outstanding discovery be produced by February 11, 2022. *Id.*

On February 12, 2022, World Fresh filed a notice of service of supplemental responses to

plaintiff's first set of interrogatories and first demand for production of documents. [ECF 78].[3]

On March 1, 2022, the Court held yet another conference with the parties to address discovery issues. [ECF 86]. The Court ordered World Fresh to "fully respond, under oath, to all of the outstanding interrogatories no later than March 21, 2022" and cautioned defendants that "failure to fully respond may lead to sanctions, such as the striking of affirmative defenses or other appropriate sanction." *Id.* at 1.

On March 21, 2022, World Fresh filed a notice of service of supplemental discovery responses to plaintiff's first set of interrogatories. [ECF 87].[4]

On April 1, 2022, the Secretary filed his motion for discovery sanctions requesting that the Court sanction "Defendants for their failure to fully respond, under oath, to all of the Secretary's outstanding interrogatories." [ECF 92] at 1. The Secretary alleges that "Defendants have twice pled their employees are exempt under Section 13(a)(1) of the [FLSA], 29 U.S.C. § 213(a)(1), but have failed to support this affirmative defense by responding to interrogatories specifically designed to determine the basis of its assertion." [ECF 93] at 1. Further, "[d]espite having more than 14 months to provide full and complete responses to the plainly relevant interrogatories and despite multiple admonishments over the course of this litigation to produce fully responsive information, culminating in an order to compel, Defendants refuse to provide the Secretary the facts they rely on to support their affirmative defense . . .." *Id.* The Secretary therefore requests that the Court strike defendants' 7th and 17th affirmative defenses, prohibiting defendants from asserting their employees are exempt from the FLSA's overtime and minimum wage provisions.

---

[3] See Exhibit A to plaintiff's memorandum in support of the motion for sanctions for a copy of defendants' first set of supplemental responses. [ECF 93-2].

[4] See Exhibit B to plaintiff's memorandum in support of the motion for sanctions for a copy of defendants' second set of supplemental responses. [ECF 93-3].

*Id.* at 1–2. The Secretary further requests that the Court order defendants, their attorneys, or both, to pay the Secretary's reasonable expenses, including attorney's fees, related to the preparation, drafting, and filing of the Secretary's motion and reply. *Id.* at 10.

World Fresh opposes the Secretary's motion, stating generally that "[d]efense counsel have organized and responded to the Discovery requests in good faith," and that the defendants have assisted their counsel in answering and complying with those requests. [ECF 119] at 2.[5] World Fresh contends, however, "that the format of the records has created difficulty in compiling the information as requested," and that defense counsel has "continuously attempted to explain the challenges" to plaintiff's counsel, but that plaintiff's counsel seems more interested in having sanctions than receiving discovery. *Id.* at 2, 5. Defendants urge the Court to deny the motion for sanctions and ask that the Court instead order the parties to work together in good faith to resolve any discovery issues. *Id.* at 6.

Following an October 4, 2022, conference with the parties, the Court ordered World Fresh to fully supplement their responses to plaintiff's interrogatories 5, 6, 7, 9, 11, 12, 18, and 19 no later than October 10, 2022, to accommodate scheduled depositions. [ECF 135] at 1.

## II. LEGAL STANDARDS

A. Sanctions for Discovery Violations

District courts have inherent authority and broad discretion to use sanctions when necessary to ensure compliance with pretrial orders. *Tracinda Corp. v. DaimlerChrysler AG*, 502

---

[5] On April 14, 2022, World Fresh filed a motion requesting an extension of time to respond to plaintiff's motion for discovery sanctions. [ECF 95]. World Fresh stated that Attorney Manning was primarily responsible for handling discovery issues but was currently in trial and needed additional time. *Id.* In a June 6, 2022 Order, the Court noted that although defendants sought an extension of time to April 26, 2022, they had made no effort to offer a response by that date. [ECF 116]. Because the sanctions sought were severe, however, the Court granted World Fresh leave to file their response by June 8, 2022. *Id.* The Court subsequently granted World Fresh's request for another extension to June 9, 2022, to file their response. [ECFs 117, 118].

F.3d 212, 242 (3d Cir. 2007).  In addition, the Federal Rules of Civil Procedure authorize sanctions for violations of pretrial orders and discovery orders.  If a party fails to obey an order to provide or permit discovery, the Court "may issue further just orders" including:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A); *see also* Fed. R. Civ. P. 37(c)(1) (imposing sanctions for failure "to provide information or identify a witness as required by Rule 26(a) or (e)").  Further, "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."   Fed. R. Civ. P. 37(b)(2)(C); *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763 (1980) ("Both parties and counsel may be held personally liable for expenses, 'including attorney's fees,' caused by the failure to comply with discovery orders.").

"[T]he list of sanctions provided by Rule 37(b)(2)(A) is not exhaustive, and the decision to impose sanctions is 'generally entrusted to the discretion of the district court.'"  *Clientron Corp. v. Devon IT, Inc.*, 894 F.3d 568, 580 (3d Cir. 2018) (quoting *Bowers v. Nat'l Collegiate Athletic*

Case: 3:20-cv-00038-RAM-RM   Document #: 136   Filed: 10/11/22   Page 8 of 18

Walsh v. World Fresh Market, et al.
Civil No. 2020-38
Page 8

*Ass'n (Bowers II)*, 475 F.3d 524, 538 (3d Cir. 2007)). However, "Rule 37(b)(2)(A) is not equivalent to carte blanche; it limits courts' discretion in two ways: 'First, any sanction must be "just"; second, the sanction must be *specifically related* to the particular "claim" which was at issue in the order to provide discovery.'" *Id.* (quoting *Harris v. City of Phila.*, 47 F.3d 1311, 1330 (3d Cir. 1995)). As the Third Circuit has explained:

> Both of these limitations are rooted in notions of due process. The first represents the general due process restrictions on the court's discretion. The second requires that a specific nexus exist between the sanction imposed and the underlying discovery violations. Or put differently, it requires that the unproduced discovery be sufficiently material to the administration of due process to support a presumption that the failure to produce constituted an admission by the offending party that its asserted claim or defense lacked merit.

*Id.* at 581 (internal quotations and citations omitted). "Within the context of these principles, the Court is to assess the culpability of the offending party and the prejudice to the party seeking sanctions." *Craig v. Kelchner*, 2010 WL 528331, at *2 (M.D. Pa. Feb. 11, 2010).

B. The FLSA

"The FLSA provides generally that covered, nonexempt employees must receive not less than a stated minimum wage for all hours worked, and overtime premium pay for all hours worked over forty hours in a workweek." *Davis v. Mountaire Farms, Inc.*, 453 F.3d 554, 556–57 (3d Cir. 2006) (citing 29 U.S.C. §§ 206(a)(1), 207(a)(1)). Section 13(a)(1) of the FLSA "provides an exemption from the Act's minimum wage and overtime requirements for any employee employed in a bona fide executive, administrative, or professional capacity . . ., or in the capacity of an outside sales employee, as such terms are defined . . . by regulations of the Secretary." 29 C.F.R. § 541.0(a).[6] The regulations in turn set forth separate definitions for each category of employee.

---

[6] Similarly, "Section 13(a)(17) of the Act provides an exemption from the minimum wage and overtime requirements for computer systems analysts, computer programmers, software engineers, and other similarly skilled computer

*See* 29 C.F.R. §§ 541.100 (executive employees), 541.200 (administrative employees), 541.300 (professional employees), and 541.500 (outside sales employees). Thus, "whether an employee falls within a § 213(a)(1) exemption is not to be determined solely based on job title, but rather 'on the basis of . . . the employee's salary and duties.'" *Carey v. Nat'l Event Servs., Inc.*, 2015 WL 667519, at *4 (E.D. Pa. Feb. 13, 2015) (quoting 29 C.F.R. § 541.2).

FLSA exemptions are construed narrowly against the employer, and the employer bears "[t]he burden of proof to establish that its employees come within the scope of an overtime exemption." *Davis*, 453 F.3d at 556. Further, the employer must show that the employee meets all of the administrative requirements for the specific category of exemption. *See id.* at 557.

### III. DISCUSSION

The Secretary argues that sanctions are warranted for World Fresh's continued failure to respond to plaintiff's interrogatories, despite multiple admonishments by the Court and the Court's issuance of an order to compel. [ECF 93] at 1. The undersigned agrees.

"It is fundamental that failure to comply with a court's discovery order may result in the imposition of sanctions." *Craig*, 2010 WL 528331, at *1. Further, the Court has broad discretion to use sanctions to ensure compliance with pretrial orders and facilitate the "expeditious and sound management of the preparation of cases for trial." *Tracinda Corp.*, 502 F.3d at 242 (citation omitted). While "Rule 37(b) provides a veritable arsenal of sanctions to deter and rectify discovery violations," the sanction imposed must be just, and specifically related to the underlying discovery violations. *Clientron*, 894 F.3d at 580–82 (internal quotations and citation omitted). To determine the appropriate sanction in this case, the Court must assess World Fresh's culpability and the prejudice to the Secretary. *Craig*, 2010 WL 528331, at *2.

---

employees." 29 C.F.R. § 541.0(a).

There is no question that World Fresh is the offending party here. In support of his motion, the Secretary has painstakingly addressed World Fresh's deficient responses to plaintiff's interrogatories 5, 6, 7, 9, 11, 12, 18, and 19. [ECF 93] at 5. The Secretary first notes that while World Fresh provided a second supplemental response to interrogatory 3, identifying 17 employees defendants assert are exempt under the FLSA, World Fresh failed to state which specific exemption applies to each employee—executive, administrative, or professional—instead citing generally to 29 U.S.C. § 213(a)(1). *Id.* at 4.[7] Further, instead of providing supplemental responses to interrogatories 5, 6, 9, and 11, "which sought specifics of Defendants' application of the exemptions, Defendants did nothing more than refer the Secretary to their response to interrogatory 3." *Id.* at 5. Interrogatories 5, 6, 9, and 11 ask defendants to state, for each employee identified as exempt: all duties performed by the employee, each individual whose work that employee "customarily and regularly" directs, all individuals that employee fired or whose recommendation for firing was given "particular weight," and all individuals that employee promoted or whose recommendation for promotion was given "particular weight." [ECF 93-3] at 10–11, 14, 16. World Fresh's response to interrogatory 3 lacks any particulars and is insufficient to answer the specific interrogatory requests in 5, 6, 9, and 11. Defendants cannot plausibly claim otherwise.

Furthermore, the Secretary correctly notes that World Fresh "provided no additional response whatsoever" to interrogatories 7, 12, 18, and 19 in its second supplemental response, not even directing plaintiff to its response to interrogatory 3. [ECF 93] at 5; *see* [ECF 93-3].

---

[7] Interrogatory 3 states: "For each individual employee identified in response to Interrogatory No. 2 [asking defendants to list all employees employed by World Fresh during the relevant time period, their contact information, and job title or duty], state whether Defendants assert that employee is exempt from Section 7 of the [FLSA], noting which specific exemption Defendants assert applies to each identified employee." [ECF 93-3].

Interrogatories 7 and 12 ask defendants to state, for each employee identified as exempt, the manager(s) who supervised the employee's work, and all facts defendants rely on to support their claim that the employees are exempt. [ECF 93-3] at 12, 17. Defendants do not directly answer this inquiry. Rather, defendants allege the information requested in interrogatories 7 and 12 is "plainly contained in the employment records that have been identified by World Fresh," referring plaintiff to thousands of pages of documents, and inviting the Secretary to attempt to pick out the information on which defendants intend to rely for their defenses. *See id.* Such a response is inappropriate. Further, interrogatories 18 and 19 ask defendants to identify and provide the job position/title of all persons with authority to determine the work assignments, schedules, or hours World Fresh's employees worked, and all persons with authority to hire, fire, or discipline employees. *Id.* at 23–24. World Fresh initially responded to these questions with a promise to provide a supplemental response identifying the store managers and assistant managers. *See id.* To date, defendants have failed to do so.

While defendants state generally that they "have produced more than 65,000 pages of documents," which "Defense counsel has combed through . . . to ensure compliance with the discovery rules and the discovery requests," the foregoing analysis forecloses any claim that World Fresh has provided fully responsive answers to the Secretary's interrogatories. [ECF 119] at 2. World Fresh's contention that "the format of the records has created difficulty in compiling the information as requested," requiring "significant work" by counsel, is likewise unavailing. *Id.* The records may be voluminous or difficult to obtain, but that does not absolve defendants of their obligation to conduct discovery in good faith and produce timely and complete responses. There can be no question of World Fresh's culpability in this regard.

With respect to the issue of prejudice, the discovery at issue is crucial to the claims and defenses in this case and the Court has repeatedly ordered defendants to produce it. However, defendants have continuously ignored plaintiff's discovery requests and motions, requiring plaintiff to repeatedly seek the Court's intervention. *See, e.g.*, *Craig*, 2010 WL 528331, at *2 (finding defense counsel "solely responsible for failing to comply with orders of court and completely disrupting the orderly flow of the litigation"); *Hepler v. Wetzel*, 2020 WL 1952677, at *4–5 (W.D. Pa. Apr. 23, 2020) (sanctions warranted where defendant proffered no evidence in response to motion for sanctions that it complied with court's orders to provide supplemental discovery responses and had disregarded multiple orders requiring it to provide such evidence; "such disregard for court orders threatens the fair and efficient administration of justice and must not be tolerated"); *Roadway*, 447 U.S. at 764 (respondent never complied with district court's order to answer interrogatories and this "failure was the immediate ground for dismissing the case"); *see also Mendez v. Puerto Rican Int'l Companies, Inc.*, 2013 WL 5460438, at *5 (D. V.I. Sept. 27, 2013) ("Excessive delay may create a presumption of prejudice."). World Fresh's dilatory conduct has not only inconvenienced plaintiff, causing plaintiff to incur additional expenses, but it has actually prejudiced plaintiff—without the discovery essential to this case, the Secretary is unable to take depositions timely or properly prepare for trial, and any efforts at mediation will be unproductive. Likewise, should defendants make a late production after discovery closes, the Secretary will be required, through no fault of his own, to reevaluate his case and reexamine his trial strategy. *See Tracinda Corp.*, 502 F.3d at 242 (defendant's "late production prejudiced Tracinda's whole trial preparation strategy by its effect on Tracinda's 'ability to develop its case, including most particularly its impact on Tracinda's decision of who to depose, the order of depositions and the substance and conduct of the trial prior to the revelation

of the documents'" (citation omitted)); *see also Beaver Res. Corp. v. Brawand*, 618 F. App'x 736, 739 (3d Cir. 2015) ("Prejudice takes many forms, including 'the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'" (quoting *Briscoe v. Klaus,* 538 F.3d 252, 259 (3d Cir. 2008))). In sum, the missing discovery hinders the Secretary's ability to prove his case and precludes plaintiff from meaningfully investigating defendants' assertion that World Fresh's employees are exempt. The Court therefore finds defendants should be sanctioned.

Although the Secretary requests that the Court strike World Fresh's 7th and 17th affirmative defenses, effectively prohibiting defendants from asserting their employees are exempt under the FLSA, the Court declines to completely prohibit World Fresh from asserting this defense. The Court recognizes that Rule 37(b)(2)(A) "allows courts to adopt conclusions, presumptions, inferences, or evidentiary preclusion rules that operate within the confines of the claims and defenses the parties have already raised," and the unproduced discovery certainly supports a presumption that World Fresh's failure to produce constitutes an admission that the affirmative defenses lack merit. *Clientron*, 894 F.3d at 581; *see also Miller v. Thompson-Walk*, 2019 WL 2150660, at *10 (W.D. Pa. May 17, 2019). However, at this juncture, the Court is not persuaded that such a severe sanction is warranted or just. This is so because striking defendants' affirmative defenses would eviscerate the crux of the defense case, and for all practical purposes would result in a default judgment for plaintiff.

Instead, the Court will sanction World Fresh as follows: in mounting a defense to any dispositive motion filed by the Secretary, World Fresh is prohibited from relying on any of the discovery that is the subject of plaintiff's motion for sanctions. World Fresh shall not be able to offer as evidence, rely on, or refer to, contentions with respect to information not set forth with

particularity in response to the interrogatory requests at issue here. This sanction is specifically related to the discovery at issue because the basis of plaintiff's motion is defendants' failure to produce information in support of their affirmative defense that World Fresh's employees are exempt under the FLSA—the issue at the heart of this case. As the Secretary argues, "Defendants have not supported a defense through discovery . . . [and] they should be prevented from asserting the subject defenses . . . ." [ECF 93] at 8. The Court's sanction will do exactly that by precluding World Fresh from relying on the discovery to defend a dispositive motion. *See Hepler*, 2020 WL 1952677, at *5 (where defendant failed to produce discovery relevant to plaintiff's claim, court reasoned precluding defendant from seeking summary judgment on the claim was "sufficient to acknowledge and deter the serious nature of [defendant's] misconduct").

However, the sanction imposed does not relieve World Fresh of their burden to ultimately prove at trial, for each employee defendants allege is exempt, that the employee comes within the scope of an overtime exemption. *Davis*, 453 F.3d at 556; *see also Carey*, 2015 WL 667519, at *4 (where complaint for failure to pay overtime alleged primary job duties were nonexempt, defendant's arguments that plaintiff was exempt from FLSA regulations were affirmative defenses that did not prevent plaintiff's claims from proceeding to discovery). The Third Circuit has emphasized that FLSA exemptions are construed narrowly against the employer. *Id.*; *see also Young Chul Kim v. Cap. Dental Tech. Lab'y, Inc.*, 279 F. Supp. 3d 765, 775 (N.D. Ill. 2017) ("The FLSA overtime exemptions are narrowly drawn against employers and are limited to applications that are plainly and unmistakably within their terms and spirit." (internal quotations and citation omitted)). Moreover, since the regulations setting forth the requisite characteristics of each category of employment "are stated in the conjunctive rather than the disjunctive, it is necessary, for an employee to be exempt . . . , that the employee be shown to meet all of the administrative

requirements for such exemption." *Id.* at 557; *see* 29 C.F.R. §§ 541.100, 541.200, 541.300. Thus, regardless of whether defendants produce additional discovery responsive to the Secretary's interrogatories, World Fresh's general allegation that their employees are exempt under § 213(a)(1) will not suffice to defend the Secretary's claims. *See* [ECF 49] at 8–10 (defendants' answer to plaintiff's amended complaint); [ECF 93-3] at 6–9 (defendants' second supplemental response to interrogatory 3). Rather, it is still World Fresh's burden to prove that its employees are exempt from the FLSA's wage and overtime requirements, and that each employee alleged as exempt meets all the administrative requirements for the specific exemption alleged.[8] *Davis*, 453 F.3d at 556–57.

Finally, the Court will also impose a monetary sanction. Indeed, the Federal Rules command that, in addition to or instead of other sanctions, the Court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure [to produce the discovery], unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). "Rule 37(b)(2)(C) does not require a finding of bad faith or intentional wrongdoing to justify awarding sanctions." *Miller*, 2019 WL 2150660, at *9. Thus, whether an award of expenses is "unjust" does not turn on World Fresh's lack of intent or negligence, but rather "invite[s] a consideration of the degree of the sanction in light of the severity of the transgression which brought about the failure to produce." *Tracinda Corp.*, 502 F.3d at 241 ("whether a failure to produce is intentional, negligent, or inadvertent is a significant factor in assessing the severity of the transgression").

---

[8] This does not mean, of course, that defendants are free to produce additional information at any time up to trial in the event summary judgment in the Secretary's favor is denied. Depending on the circumstances, such additional late production may well expose defendants to further, more severe, sanctions.

*Walsh v. World Fresh Market, et al.*
Civil No. 2020-38
Page 16

In their brief in opposition, defendants and their counsel fail to make any meaningful argument as to why they were substantially justified in failing to produce the requested discovery, and certainly there is no dispute that World Fresh has not complied with the Court's orders directing production. *See Deitrick v. Costa*, 2019 WL 6717839, at *4 (M.D. Pa. Dec. 10, 2019) ("The non-producing party shoulders the burden of proving substantial justification for its conduct or that the failure to produce was harmless."); *see also Miller*, 2019 WL 2150660, at *9 ("Where withheld documents are clearly relevant and discoverable, parties are not substantially justified in failing to disclose them." (citation omitted)); *Tracinda Corp.*, 502 F.3d at 241 ("in the context of Rule 37 sanctions, 'substantial justification' occurs when there is a 'genuine dispute concerning compliance'" (citing *Fitz, Inc. v. Ralph Wilson Plastics Co.,* 174 F.R.D. 587, 591 (D. N.J. 1997))). Nor does World Fresh allege other circumstances that would make an award of expenses unjust. Further, the lack of production appears to be the result of both defense counsel's inaction and defendants' lack of cooperation in providing the information. *See* [ECF 119] at 3, 5 (defense counsel state that they "have and continue to advise the Defendant as to what documents are needed," but that "[t]here have been three local Virgin Islands attorneys who . . . all have had difficulty in obtaining information"). Because defendants and their counsel fail to meet their burden under Rule 37(b)(2)(C), the Court will award reasonable expenses and attorney's fees to the Secretary related to the preparation, drafting, and filing of the motion for sanctions and reply. *See, e.g.*, *Tracinda Corp.*, 502 F.3d at 242 ("regardless of the reason for the failure to produce these documents, the fault for this production failure and the related delays and proceedings which followed, lies with Defendants" (quoting district court opinion)); *Deitrick*, 2019 WL 6717839, at *5 (finding sanctions would be appropriate under Rule 37(c)(1) where plaintiff did "not suggest that her failure to disclose certain records was an 'honest mistake' or inadvertent"); *Craig*, 2010

WL 528331, at *3 (imposing sanction requiring defense counsel to remit $50 to the court every day until turning over all discovery to plaintiff).

Federal discovery is premised upon good faith cooperation among the lawyers and the parties. *See* Fed. R. Civ. P. 37(f).[9] When this cooperation is lacking, "Rule 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent." *Roadway*, 447 U.S. at 763–64 (internal quotations and citation omitted). The Secretary has been actively seeking discovery related to defendants' affirmative defense of exemption for nearly two years, and the Court has repeatedly extended the deadlines in this case. The information sought goes to the heart of this case, and World Fresh's failure to produce it greatly prejudices the Secretary's litigation of this action. Accordingly, based on the foregoing analysis, the Court will impose sanctions for World Fresh's failure to respond to plaintiff's interrogatories and comply with the Court's orders directing production.

## IV. CONCLUSION

Accordingly, the premises considered, it is ORDERED that the Secretary's motion for discovery sanctions [ECF 92] is GRANTED as follows:

1. Defendants are prohibited from relying on any of the discovery that is the subject of plaintiff's sanction motion in the defense of any dispositive motion the Secretary files.

2. Defendants and their attorneys are jointly liable for the Secretary's reasonable expenses,

---

[9] As the Supreme Court has observed,

> A number of factors legitimately may lengthen a lawsuit, and the parties themselves may cause some of the delays. Nevertheless, many actions are extended unnecessarily by lawyers who exploit or abuse judicial procedures, especially the liberal rules for pretrial discovery. The glacial pace of much litigation breeds frustration with the federal courts and, ultimately, disrespect for the law.

*Roadway*, 447 U.S. at 757, n.4 (internal citations omitted).

*Walsh v. World Fresh Market, et al.*
Civil No. 2020-38
Page 18

    including attorney's fees, associated with the preparation and filing of the motion for sanctions and supporting papers, and reply.

3. The Secretary shall file an application for reasonable expenses by October 25, 2022.


**Dated:** October 11, 2022        S\_____
                                                 **RUTH MILLER**
                                                 United States Magistrate Judge