DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| JULIE A. SU,[1] Acting Secretary of Labor, United States Department of Labor,<br><br>*Plaintiff*,<br><br>v.<br><br>WORLD FRESH MARKET, LLC d/b/a Pueblo, AHMAD ALKHATIB, and STEVEN BOCKINO as individuals,<br><br>*Defendants.* | Civil Action No. 3:20-cv-38 |
| WORLD FRESH MARKET, LLC d/b/a Pueblo, AHMAD ALKHATIB, and STEVEN BOCKINO as individuals,<br><br>*Counter Claim Plaintiffs*,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>*Counter Defendant*. | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO APPROVE CONSENT JUDGMENT**

Plaintiff Julie A. Su, the Acting Secretary of Labor, United States Department of Labor (the "Secretary") submits this memorandum of law in support of her motion to approve the consent judgment.

The Secretary initiated this action with the filing of a complaint in July 2020 alleging violations of the overtime and recordkeeping provisions of the Fair Labor Standards Act of 1938,

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Secretary of Labor Julie A. Su is automatically substituted as Plaintiff.

1

as amended (29 U.S.C. § 201 *et seq.*) (the "FLSA" or the "Act"). The complaint sought to recover back wages and liquidated damages, and to enjoin future violations of the Act. Subsequently, the parties entered into settlement discussions that have culminated in a settlement agreement to resolve the parties' disputes, as memorialized in the proposed Consent Judgment attached to the subject motion.

**I.   This Court Should Review the Proposed Consent Judgment Using the Second Circuit's *Citigroup* Standard of Review.**

The Third Circuit has not set forth a standard of review for proposed consent judgments involving government enforcement agencies, such as the Department of Labor. In actions brought pursuant to the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), the Third Circuit has explained that "a court should approve a consent decree if it is fair, reasonable, and consistent with CERCLA's goals." *In re Tutu Water Wells CERCLA Litig.*, 326 F.3d 201, 207 (3rd Cir. 2003). In the absence of express precedent from the Third Circuit, this Court should apply the standard of review set forth by the Second Circuit in *S.E.C. v. Citigroup Global Markets, Inc.* ("*Citigroup*"), 752 F.3d 285, 294 (2d Cir. 2014), which is consistent with the Third Circuit's CERCLA standard. *See Einhorn v. Twentieth Century Refuse Removal Co.*, No. CIV. 11-1451 JBS/AMD, 2011 WL 6779760, at *4 (D.N.J. Dec. 22, 2011) ("In the absence of any controlling Third Circuit precedent on the question, the Court looks to the decisions of other circuit courts for persuasive authority."); *see also Sovereign Bank v. REMI Cap., Inc.*, 49 F.4th 360, 364 n.5 (3d Cir. 2022) ("[D]istrict courts have a duty to determine if consent decree is fair and reasonable for securities litigation.").

In *Citigroup*, the Second Circuit held that the standard of review of a proposed consent judgment that involves an enforcement agency is whether it is "fair and reasonable."[2] Where the proposed consent judgment includes injunctive relief, courts must also find that the "public interest would not be disserved." *Citigroup*, 752 F.3d at 94 (quoting *eBay, Inc. v. MercExchange*, 547 U.S. 388, 391 (2006)). "Absent a substantial basis in the record for concluding that the proposed consent decree does not meet these requirements, the district court is *required* to enter the order." *Id*. (emphasis supplied). *See also United States v. Int'l Bus. Machines Corp.*, No. 14-CV-936 (KMK), 2014 WL 3057960, at *2 (S.D.N.Y. July 2, 2014) (applying the *Citigroup* framework to EPA action).

There are four factors courts should consider when evaluating the fairness and reasonableness of a consent judgment: (1) the basic legality of the decree; (2) whether the terms are clear; (3) whether the consent judgment reflects a resolution of the actual claims in the complaint; and (4) whether the consent judgment is tainted by improper collusion or corruption of some kind. *See Citigroup*, 752 F.3d at 294-95 (citations omitted). The main focus of the fair and reasonable inquiry "should be on ensuring the consent decree is procedurally proper . . . taking care not to infringe on the [Government's] discretionary authority to settle on a particular set of terms." *Id.* at 295. Importantly, "[t]he job of determining whether the proposed . . . consent decree best serves the public interest . . . rests squarely with the [federal government], and its decision merits

---

[2] The *Citigroup* standard diverges from earlier Courts of Appeals to have addressed the issue, omitting the consideration of "adequacy" in cases involving enforcement agencies because it "appears borrowed from review applied to class action settlements." *Compare Citigroup*, 752 F.3d at 294 (holding consideration of adequacy unnecessary), *with SEC v. Randolph*, 736 F.2d 525, 529 (9th Cir. 1984) ("Unless a consent decree is unfair, inadequate, or unreasonable, it ought to be approved.") (citation omitted), *and Citizens for a Better Env't v. Gorsuch*, 718 F.2d 1117, 1126 (D.C. Cir. 1983) (holding courts should consider whether the parties consented to proposed consent judgment, whether it is fair, reasonable and adequate, and whether it is consistent with the public interest). In this case, the omission of adequacy from the standard of review is of no consequence. Even if the Court were to consider adequacy, the settlement should be approved. The proposed Consent Judgment adequately resolves the Secretary's claims and protects the public interest.

significant deference." *Id.* at 296 (citing *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 866 (1984)).

### II. The Court Should Approve the Proposed Consent Judgment

In this case, the parties' proposed Consent Judgment is fair and reasonable, and serves the public interest. It easily meets the *Citigroup* standard and should be approved by the Court.

1. <u>The terms of the proposed Consent Judgment are authorized by the FLSA.</u>

The first *Citigroup* factor – the basic legality of the decree – is met "so long as it is within the Court's authority to enter the decree and within Plaintiff's authority to enforce it." *Int'l Bus. Machines Corp.,* 2014 WL 3057960, at *2. Here, Defendants have agreed to pay overtime back wages and liquidated damages to employees, in accordance with section 7 of the Act, and to operate in compliance with the Act and to be enjoined from future violations of the Act. It is within the Court's authority to enter the proposed Consent Judgment pursuant to section 17 of the FLSA, 29 U.S.C. § 217, *see Dole v. Haulaway Inc.*, 723 F. Supp. 274, 288 (D.N.J. 1989), *aff'd*, 914 F.2d 242 (3rd Cir. 1990) (table), and it is within the Secretary's authority to enforce the proposed Consent Judgment pursuant to section 16(c) of the FLSA, 29 U.S.C. § 216(c). Accordingly, the first factor is satisfied.

2. <u>The proposed Consent Judgment's terms are clearly defined.</u>

A consent judgment satisfies the second factor if "the decree properly define[s] its key provisions." *Int'l Bus. Machines Corp.,* 2014 WL 3057960, at *3 (internal quotations and citation omitted). Here, the proposed Consent Judgment is sufficiently specific and its terms are clear. The proposed Consent Judgment sets forth the specific provisions of the FLSA that Defendants are enjoined from violating, and the relief obtained. *See Brock v. Glassboro Serv. Ass'n, Inc.*, No.

4

CIV.A. 78-0377, 1987 WL 25334, at *7 (D.N.J. July 23, 1987) (affirming injunction "generally barring the defendant from violating the provisions of the FLSA"), *aff'd sub nom. McLaughlin v. Glassboro Serv. Ass'n, Inc.*, 841 F.2d 1119 (3rd Cir. 1988); *Chao v. Gotham Registry, Inc.*, 514 F.3d 280, 292 (2d Cir. 2008) (citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191-92 (1949)) (holding that consent judgment's incorporations of provisions of the FLSA do not render a judgment ambiguous).  Exhibit A to the proposed Consent Judgment further specifies the amounts to be distributed to each affected employee under the settlement, and the proposed Consent Judgment specifies the timing of payment to which the parties have agreed.  Accordingly, the second factor has been met.

3. <u>The proposed Consent Judgment resolves the claims alleged by the Secretary.</u>

A consent judgment satisfies the third factor if "the consent decree reflects a resolution of the actual claims in the complaint."  *Citigroup*, 752 F.3d at 295.  The parties' proposed Consent Judgment resolves each of the Secretary's claims, with Defendants agreeing to operate in compliance and to be enjoined from future violations of the Act and payment of back wages and liquidated damages.  As a result, the proposed Consent Judgment satisfies the third factor.

4. <u>There is no improper collusion or corruption.</u>

The fourth factor courts should consider in evaluating the fairness and reasonableness of a proposed consent judgment is whether it is "tainted by improper collusion or corruption." *Citigroup*, 752 F.3d at 295.  There has been no improper collusion or corruption here.  Defendants have agreed to pay a total of the $240,000 in back wages and liquidated damage owed to 33 employees, $10,000 in civil money penalties, and injunctive relief. Accordingly, the proposed Consent Judgment satisfies the fourth factor.

5. <u>The proposed Consent Judgment is in the public interest.</u>

Lastly, the Secretary has determined that the proposed Consent Judgment serves the public interest by recovering back wages and liquidated damages for the affected employees and enjoining Defendants to comply with the FLSA in the future.

## CONCLUSION

For the foregoing reasons, the Secretary respectfully moves for the approval of the proposed consent judgment attached to the subject motion.

DATED:   March 20, 2023
         New York, NY

                                        SEEMA NANDA
                                        Solicitor of Labor

                                        JEFFREY S. ROGOFF
                                        Regional Solicitor

                                        **s/ David J. Rutenberg**
                                        DAVID J. RUTENBERG
                                        Senior Trial Attorney
                                        U.S. Department of Labor
                                        201 Varick Street, Room 983
                                        New York, NY 10014
                                        Tel. (646) 264-3686
                                        Fax (646) 264-3660
                                        E-mail: rutenberg.david.j@dol.gov

Certificate of Service

I hereby certify that on March 20, 2023, I filed the foregoing via the Court's CM/ECF system, which will effectuate service on all counsel of record.

s/ David J. Rutenberg
David J. Rutenberg
Senior Trial Attorney
United States Department of Labor
