DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

JULIE A. SU,[1] Acting Secretary of Labor,
United States Department of Labor,

       *Plaintiff*,

       v.

WORLD FRESH MARKET, LLC
d/b/a Pueblo, AHMAD ALKHATIB, and
STEVEN BOCKINO as individuals,

       *Defendants.*

Civil Action No. 3:20-cv-38

WORLD FRESH MARKET, LLC
d/b/a Pueblo, AHMAD ALKHATIB, and
STEVEN BOCKINO as individuals,

       *Counter Claim Plaintiffs*,

v.

UNITED STATES OF AMERICA,

       *Counter Defendant.*

**<u>CONSENT JUDGMENT</u>**

Plaintiff JULIE A. SU, Acting Secretary of Labor ("Plaintiff" or "the Secretary"),

Defendants/Counter Claim Plaintiffs WORLD FRESH MARKET LLC. ("WFM"), AHMAD

ALKHATIB and STEVEN BOCKINO (together, "Defendants"), and Counter Defendant THE

UNITED STATES OF AMERICA appeared by Counsel and agree to the entry of this Consent

Judgment without contest to fully resolve the claims at issue in this Action.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Secretary of Labor Julie A. Su is automatically substituted as Plaintiff.

1

Defendants acknowledge that they have notice of and understand the provisions of this Consent Judgment; acknowledge their responsibilities pursuant to this Consent Judgment; and acknowledge that they may be subject to sanctions in contempt of this Court if they fail to comply with the provisions of this Consent Judgment.

I. Defendants submit to the jurisdiction of this Court over them and over the subject matter of this action. Defendants admit that this Court has the authority to enter and enforce this Order and that this Court is the most appropriate venue for any enforcement action that may be required as a result of this Judgment.

II. Defendants admit that from at least June 3, 2017 through at least June 5, 2019 ("the Relevant Time Period"), they were employers, within the meaning of Section 3(d) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq*.) ("the Act" or "the FLSA"), 29 U.S.C. § 203(d), of employees, including those listed on Exhibit A to the Amended Complaint.

III. Defendants agree that during the Relevant Time Period they were a covered enterprise under sections 3(r) and 3(s) of the Act and that the provisions of the Act apply to Defendants.

IV. The Secretary has alleged that during the Relevant Time Period, Defendants violated Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the FLSA by failing to pay certain employees, including janitors, security guards, baggers, maintenance employees, and assistant managers, overtime wages for all hours worked, and failing to make, keep, and preserve adequate and accurate records.

V.    Defendants neither admit nor deny the allegations of violations set forth in the Secretary's complaint.  Defendants agree to the provisions of this Consent Judgment to avoid the burden and expense of protracted litigation.

It is, therefore, upon motion of the attorneys for Plaintiff and for cause shown ORDERED that:

1.    Defendants, their officers, employees, agents, and all persons acting or claiming to act in Defendants' behalf and interest, be, and hereby are, permanently enjoined and restrained from violating the provisions of Sections 6, 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*) ("the Act"), in any of the following manners:

  a.    Defendants shall not, contrary to Section 6 of the Act, pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at rates less than those which are now, or which may in the future become, applicable under Section 6 of the Act.

  b.    Defendants shall not, contrary to Section 7 of the Act, employ any of their employees in any workweek for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the employees receive compensation for their employment in excess of the prescribed hours at rates not less than one and one-half times the employees' regular rates, as required by Section 7 of the Act.

  c.    Defendants shall make, keep, and preserve adequate records of their employees

3

and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the Regulations issued pursuant to Section 11(c) of the Act and found at 29 C.F.R. Part 516.

d.  Defendants shall not discharge or take any retaliatory action against any employee, including soliciting the repayment of overtime compensation paid to any employee under this Consent Judgment or otherwise, because the employee engaged in or is believed to have engaged in any of the following activities:

   i.  Discloses, protests, or threatens to disclose or protest, to a supervisor, Defendants' Compliance Monitor, or to a public agency, any activity, policy or practice of the employer or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act;

   ii.  Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the Act, or a rule or regulation promulgated pursuant to the Act, by the employer or another employer with whom there is a business relationship; or

   iii.  Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act.

e.  Defendants, along with their officers, agents, and managers, shall not tell any of their employees not to speak to representatives of the United States

Department of Labor ("U.S. Department of Labor"), or tell any of their employees to provide untruthful information to the U.S. Department of Labor regarding the terms or conditions of their employment, or otherwise obstruct or interfere with any investigative activities of the U.S. Department of Labor.

2. Pursuant to the parties' agreement that unpaid overtime back wages are owed and shall be paid to the employees listed on Exhibit A, which is attached to this Consent Judgment, in the amount of $120,000.00, plus an equal additional amount of liquidated damages of $120,000.00, plus post judgment interest on the back wages and liquidated damages in the amounts set forth in Exhibit B and Civil Money Penalties ("CMPs") in the amount of $10,000.00 for **a total amount of $250,000.00** plus post-judgment interest set forth in Exhibit B, it is:

ORDERED that Defendants and all persons acting on their behalf are enjoined and restrained from withholding the payment of $120,000.00 in unpaid overtime back wages plus post judgment interest due Defendants' employees listed in Exhibit A. Further, Defendants shall pay a total of $120,000.00 in liquidated damages plus post judgment interest due Defendants' employees listed in Exhibit A. Defendants further agree to pay and shall pay $10,000.00 in CMPs in resolution of the January 23, 2023 letter assessing CMPs. The payments of back wages, liquidated damages, post-judgment interest and CMPs shall be made by Defendants in accordance with Paragraph 3 of this Consent Judgment.

3. The provisions of this Consent Judgment relative to back wages payments, liquidated damages payments, post-judgment interest and CMPs payment shall be deemed satisfied, when Defendants fully comply with the terms of payment set forth below:

a.  Defendants shall pay $83,333 liquidated damages consistent with Exhibit B attached hereto within 30 days after issuance of an order entering this Consent Judgment. The remaining balance of back wages and liquidated damages plus post-judgment interest shall be made in accordance with the due dates, and specifications set forth in Exhibit B. The payments set forth in this sub-paragraph shall be made electronically via the following directions:

   i.  Go to https://pay.gov/public/form/start/77689032, select "Continue to Form" and complete the required fields.

      1.  The "BW Case Number" is Case No. 1882762.

      2.  The "Date of Assessment" is the date of the Judgment.

b.  CMPs shall be paid consistent with Exhibit B and shall be made electronically via the following directions:

   i.  Go to https://pay.gov/public/form/start/77734139, select "Continue to Form" and complete the required fields.

      1.  The "CMP Case Number" is Case No. 1882762.

      2.  The "Date of Assessment" is the date of the Judgment.

4.  Within 15 days after issuance of an order entering this Consent Judgment, Defendant shall provide the Secretary with a spreadsheet detailing for each current and former employee listed on Exhibit A the following information, to the extent such information is in Defendants' custody or possession: (i) full name, (ii) social security number, if such is available, (iii) last known address, (iv) last known telephone number, and (v) last known e-mail address,

5.  Defendants and any one acting on their behalf, shall not directly or indirectly solicit or

accept the return or refusal of any sums paid under this Judgment. Defendants and anyone acting on their behalf, shall not threaten or imply that adverse action will be taken against anyone because of their receipt of funds due under the provisions of this Consent Judgment or the Act. Violation of this Paragraph may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

6. If Defendants fail to make any payment required under this Consent Judgment, including Exhibit B,  a seven-calendar-day grace period shall be allowed for receipt of such installment payment. In the event that the U.S. Department of Labor does not receive an installment payment by the eighth calendar day after which it is due, then the total amount due under this Consent Judgment ($250,000) plus post-judgment interest), less any amounts already received by the Secretary pursuant to this Judgment, shall become due immediately. No action or non-action by the Secretary shall constitute a waiver of this Paragraph.

7. If Defendants fail to make any payment within the grace period provided in Paragraph 6, then Defendants consent to the entry of a Writ of Execution, pursuant to Federal Rule of Civil Procedure 69, to enforce the monetary terms of this Consent Judgment. The Secretary may seek such a writ at any time after any such failure to make payment and may represent in filing for such a writ that Defendants consent to its issuance. Upon request from the Secretary after such failure to make payment, Defendants agree to furnish a complete and accurate list of their real, personal, and business property with an estimated value of $2,000.00 or more and the locations of such property for purposes of the Secretary seeking a Writ of Execution in accordance with this Paragraph of the Consent Judgment.

8.  The Secretary shall distribute the back wages and liquidated damages, including interest and less any legally required deductions, to the former and current employees, or to their estates, as set forth in Exhibit A. Any amounts of unpaid back wages and liquidated damages not distributed within a period of three years from the date of receipt shall, pursuant to section 16(c) of the Act, be covered into the Treasury of the United States as miscellaneous receipts. Defendants remain responsible for paying the employers' share of any applicable taxes to the appropriate local, state, and federal revenue authorities.

9.  Defendants, and anyone acting on their behalf, shall not in any way directly or indirectly, demand, require or accept any of the back wages or liquidated damages from any person listed on Exhibit A. Defendants, and anyone acting on their behalf, shall not threaten or imply that adverse action will be taken against any person because of his or her receipt of funds due under the provisions of this Consent Judgment or the Act. Violation of this Section may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

10. Neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees of Defendants not listed on Exhibit A to this Consent Judgment, be they current or former employees, to file any action against defendants under section 16(b) of the Act or likewise for any current or former employee listed on Exhibit A of this Consent Judgment to file any action against Defendants under section 16(b) of the Act for any violations alleged to have occurred after June 5, 2019.

11. Defendants withdraw with prejudice any and all outstanding claims, including, but not

limited to any counter claims and third-party claims, made against the United States, its agencies, including but not limited to the U.S. Department of Labor, and its officers, agents, employees, and servants in this matter.

12. Defendants fully and finally waive and release the United States, its agencies, including but not limited to the U.S. Department of Labor, its officers, agents, employees, and servants from any claims (including, but not limited to, attorney's fees, costs, and expenses of every kind and however denominated, claims brought pursuant to the Federal Tort Claims Act, and any *Bivens* claim) that they have asserted, could have asserted or may assert in the future against the United States, its agencies, including but not limited to the U.S. Department of Labor, and its officers, agents, employees, and servants related in any way to the U.S. Wage and Hour Division investigation numbers 1882762, 1886133, 1889823, and 1889825 and prosecution thereof, including but not limited to, this litigation.

13. Each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

14. The Court retains jurisdiction over this matter for the purposes of enforcing this Consent Judgment.

SO ORDERED:

DATED: _____March 22, 2023
Saint Thomas, Virgin Islands

/s/ Robert A. Molloy

HONORABLE ROBERT MOLLOY
CHIEF JUDGE, DISTRICT OF THE
VIRGIN ISLANDS

Defendants have appeared by the undersigned counsel and hereby consent to the entry of

this Judgment.

WORLD FRESH MARKET LLC, AHMAD ALKHATIB, and
STEVEN BOCKINO

BY: _____

AHMAD ALKHATIB
As President, WORLD FRESH MARKET LLC

BY: _____

AHMAD ALKHATIB, Individually

BY: _____

STEVEN BOCKINO, Individually

_____

MICHAEL L. SHEESLEY
MLSPC
PO Box 307728
St. Thomas, VI 00803
Phone: 412-972-0412
michael@sheesley-law.com
*Attorney for Defendants*

SO ORDERED:

DATED: _____2023
        Saint Thomas, Virgin Islands

_____
HONORABLE ROBERT MOLLOY
CHIEF JUDGE, DISTRICT OF THE
VIRGIN ISLANDS

Defendants have appeared by the undersigned counsel and hereby consent to the entry of

this Judgment.

WORLD FRESH MARKET LLC, AHMAD ALKHATIB, and
STEVEN BOCKINO

BY:     _____
        AHMAD ALKHATIB
        As President, WORLD FRESH MARKET LLC

BY:     _____
        AHMAD ALKHATIB, Individually

BY:     _____
        STEVEN BOCKINO, Individually

_____
MICHAEL L. SHEESLEY
MLSPC
PO Box 307728
St. Thomas, VI 00803
Phone: 412-972-0412
michael@sheesley-law.com
*Attorney for Defendants*

10

Plaintiff has appeared by the undersigned counsel and hereby consents to the entry of this Judgment.

SEEMA NANDA
Solicitor of Labor

JEFFREY S. ROGOFF
Regional Solicitor

BY:     s/ David J. Rutenberg
DAVID J. RUTENBERG
Senior Trial Attorney

U.S. Department of Labor
Office of the Solicitor
201 Varick Street, Room 983
New York, NY 10014
Tel: 646-264-3686
Fax: 646-264-3660

Attorneys for Plaintiff,
Acting Secretary of Labor

Counter Defendant has appeared by the undersigned counsel and hereby consents to the entry of this Judgment.

DELIA L. SMITH
United States Attorney

BY:         s/ Aysha R. Gregory
AYSHA R. GREGORY
Assistant United States Attorney

Office of the United States Attorney
Ron de Lugo Federal Building
5500 Veterans Drive, Suite 260
St. Thomas, VI 00802-6424
Tel: 340-715-9430

Attorneys for Counter Defendant,
United States of America

**EXHIBIT A**
**Amounts Due to Each Employee**

| Name | Back Wages | Liquidated Damages | Total |
|------|-----------|---------------------|-------|
| By, Vilner | $ 2,678.04 | $ 2,678.04 | $ 5,356.08 |
| Camille, Bermann | $ 8,302.00 | $ 8,302.04 | $ 16,604.04 |
| Colon, Joe | $ 3,521.52 | $ 3,521.51 | $ 7,043.03 |
| Disten, Jeanlis | $ 5,421.32 | $ 5,421.40 | $ 10,842.72 |
| Fondeur, Carlos | $ 2,942.55 | $ 2,942.54 | $ 5,885.09 |
| Franco, Fernando Quiles | $ 2,024.24 | $ 2,024.23 | $ 4,048.47 |
| Fyek, Ingy | $ 807.31 | $ 807.30 | $ 1,614.61 |
| Guzman, Otto | $ 4,148.66 | $ 4,148.68 | $ 8,297.34 |
| Guzman Perez, Edarlis | $ 431.99 | $ 431.98 | $ 863.97 |
| Hodge, Bernard | $ 626.73 | $ 626.72 | $ 1,253.45 |
| John, Sheena | $ 2,972.08 | $ 2,972.07 | $ 5,944.15 |
| Jose-Reynoso, Jean Carlos | $ 439.07 | $ 439.07 | $ 878.14 |
| Laurore, Kerby | $ 3,999.91 | $ 3,999.91 | $ 7,999.82 |
| Kelly, Calvin | $ 3,132.15 | $ 3,132.14 | $ 6,264.29 |
| Mcintosh Jr., Ray A. | $ 2,057.57 | $ 2,057.56 | $ 4,115.13 |
| McIntyre, Kevin | $ 780.40 | $ 780.39 | $ 1,560.79 |
| Mendez, Cristobal | $ 1,604.95 | $ 1,604.95 | $ 3,209.90 |
| Pena Montilla, Ermel E | $ 2,243.40 | $ 2,243.39 | $ 4,486.79 |
| Philistin, Junel | $ 8,510.84 | $ 8,510.84 | $ 17,021.68 |
| Prepty, Michel | $ 5,755.60 | $ 5,755.58 | $ 11,511.18 |
| Rabsatt, Emanuel B. | $ 7,818.80 | $ 7,818.80 | $ 15,637.60 |
| Rivera, Jorge E. | $ 8,553.08 | $ 8,553.08 | $ 17,106.16 |
| Rodriguez Jr, Raul | $ 4,090.16 | $ 4,090.16 | $ 8,180.32 |
| Ronan, Kendal W. | $ 3,779.27 | $ 3,779.27 | $ 7,558.54 |
| Saint Louis, Widner | $ 2,176.36 | $ 2,176.35 | $ 4,352.71 |
| Saintil, Frito | $ 7,827.45 | $ 7,827.45 | $ 15,654.90 |
| Salem, Majdi N. | $ 1,853.67 | $ 1,853.66 | $ 3,707.33 |
| Sanes Jr., Andres | $ 954.16 | $ 954.15 | $ 1,908.31 |
| Servyplantin, Cedieu | $ 7,318.36 | $ 7,318.36 | $ 14,636.72 |
| Soto, Luis | $ 3,625.12 | $ 3,625.11 | $ 7,250.23 |
| Vallejo De La Rosa, Freddy | $ 2,653.46 | $ 2,653.51 | $ 5,306.97 |
| Villanueva de la Rosa, Jose | $ 4,532.56 | $ 4,532.55 | $ 9,065.11 |
| Wagner, Henry | $ 2,417.22 | $ 2,417.21 | $ 4,834.43 |
| **Totals** | **$ 120,000.00** | **$ 120,000.00** | **$ 240,000.00** |

**EXHIBIT B**
**Schedule of Installment Payments**

| No. | Date By Due | Amount Type | Principal Amount | Post-Judgment Interest Due | TOTAL DUE |
|---|---|---|---|---|---|
| 1 | Within 30 days from date of entry of Judgment | Liquidated Damages | $84,000.01 | $0.00 | $84,000.01 |
| 2 | Within 60 days from date of entry of Judgment | Liquidated Damages | $35,999.99 | $56.98 | $36,056.97 |
| | | Back Wages | $48,000.02 | $75.33 | $48,075.55 |
| 3 | Within 90 days from date of entry of Judgment | Back Wages | $71,999.98 | $120.33 | $72,120.31 |
| | | Civil Money Penalties ("CMPs") | $10,000.00 | $0.00 | $10,000.00 |
| **TOTALS** | | | $250,000 | $252.84 | $250,252.84 |

STATE OF                 )
                                      :SS:
COUNTY OF            )

On the 16th day of MARCH_____, **2023** before me came **AHMAD ALKHATIB,** to me

known, who, being by me duly sworn, did depose and say that he is a duly authorized officer

of **WORLD FRESH MARKET LLC., and AHMAD ALKHATIB,** described in and which

executed the foregoing instrument, that he signed his name thereto by like order.

**CHRISTINA SANCHEZ**
**OFFICIAL SEAL**
Notary Public · State of Illinois
My Commission Expires
March 15, 2024

NOTARY PUBLIC

STATE OF                 )
                                      :SS:
COUNTY OF            )

On the 16th day of March_____, **2023** before me came **AHMAD ALKHATIB,** to me

known and known to me to be the individual described in and who executed the foregoing

instrument and he duly acknowledged to me that he executed the same.

NOTARY PUBLIC

**CHRISTINA SANCHEZ**
**OFFICIAL SEAL**
Notary Public · State of Illinois
My Commission Expires
March 15, 2024